NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1162

JOANN BRISTOW
              Appellant
v.

JACOB C. CLEVENGER AND
SPRING GARDEN TOWNSHIP

FILED
HARRISBURG
MAR 2 2 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. No. 00-cv-600
District Judge: The Honorable Sylvia H. Rambo

Argued: December 11, 2001

Before: BARRY, ALDISERT, Circuit Judges, and FULLAM,* District Judge

(Opinion Filed: February 22, 2002)

                                     Donald A. Bailey, Esquire
                                     4311 N. 6th Street
                                     Harrisburg, PA 17110

                                     *Counsel for the Appellant*

---

    *The Honorable John P. Fullam, Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

James D. Young, Esquire
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1234

*Counsel for Appellees*

## OPINION OF THE COURT

FULLAM, <u>District Judge</u>

This is an appeal from an Order of the District Court which, invoking Federal Rule of Civil Procedure 12(b)(6), dismissed plaintiff-appellant's complaint without leave to amend. We have jurisdiction under 28 U.S.C. §1291. The defendants in the District Court were Jacob C. Clevenger, a Township police officer who was formerly married to appellant Joann Bristow, and Mr. Clevenger's employer, Spring Garden Township. Plaintiff-appellant alleged that Mr. Clevenger was guilty of "stalking" her, and engaging in other forms of harassment against her, in retaliation for her having successfully sued him in an earlier civil rights action. She alleged that Mr. Clevenger acted in his capacity as a police officer, while on duty and in uniform. She alleged that Spring Garden Township failed to supervise Mr. Clevenger or control his activities, pursuant to a longstanding practice of allowing him free rein in the township.

The complaint asserts violations of various constitutional provisions - the First,

Fourth, and Fourteenth Amendments are mentioned - and also refers to various tort claims under state law, including intentional infliction of emotional distress.

In dismissing the complaint, the District Court appears to have construed the pleading as attempting to assert a substantive due process claim under the Fourteenth Amendment. Since the nine specific instances of harassment alleged in the complaint did not disclose "concrete actions," but merely "verbal threats or abuse" and "being followed and exposed to unpleasant facial expression," the court ruled that the complaint did not state a valid substantive due process claim. The court then concluded:

> "The court finds that the complaint fails to allege a federal cause of action. The state law claims will not be addressed, and the complaint will be dismissed." (A-12)

In reviewing the propriety of a Rule 12(b)(6) dismissal, we are required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Nami v. Fauver*, 82 F.3d, 63, 65 (3d Cir. 1996). Dismissal cannot be upheld "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff is required to allege facts which adequately support the claims asserted, but need not recite all of the evidence which will be produced to establish these facts. "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the plaintiff's cause of action." *Nami*, 82 F.3d 63, 65.

3

The complaint in this case appears to have been thrown together in some haste, and does not reflect careful analysis. It is perhaps understandable that the district judge gave it short shrift. The complaint refers, indiscriminately, to plaintiff's "rights under the Fourteenth Amendment due process clause to be free of unlawful retaliation against her for successfully suing Jacob Clevenger"; her "First Amendment right to travel about freely and go to work"; and her "Fourth Amendment right not to suffer extreme harassment by stalking by a state official, and unlawful seizures." The complaint then lists nine separate instances of alleged stalking, and alleges that they caused such things as plaintiff's "shaking with fear," being "badly shaken," and being "filled with fear." After demanding "judgment of the defendants jointly and severally for emotional distress and for the deprivation of [constitutional rights]," the complaint also demands judgment "for harassment, stalking, invasion of privacy, intimidation, official oppression and the intentional infliction of emotional distress as supplemental state claims."

The District Court was plainly correct in dismissing the complaint to the extent that it asserted a "First Amendment right to travel about freely and go to work", and a Fourth Amendment claim; the facts alleged in the complaint cannot be reasonably interpreted as establishing any such constitutional violations. But dismissal of the retaliation claim cannot, in our view, properly be upheld. The right of access to the courts is protected by the First Amendment, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir.

1990). And retaliation for exercising a constitutionally protected right is, in itself, a violation of constitutional rights; the retaliation need not be physical in nature, or rise to the level of a substantive due process violation. *See, e.g., Anderson v. Davila,* 125 F.3d 148 (3d Cir. 1997) (retaliation consisting of surveillance). In *Bradley v. Pittsburgh Board of Education,* 910 F.2d 1172 (3d Cir. 1990) this court upheld a claim of retaliation in the form of a ban on plaintiff-teacher's classroom activities, delay of return to work, etc. In that case, Judge Sloviter noted "an action that would otherwise be permissible is unconstitutional if it is taken in retaliation for the exercise of the right of access to the courts." *Id* at 1177. Thus, regardless of whether the alleged harassment was sufficiently serious to trigger substantive due process concerns, it was error to dismiss the retaliation claim on the basis of the pleadings..

Since the case must be remanded to the District Court, we leave to further proceedings the final resolution of plaintiff's due process claim; we note that appellant's brief in this Court argues that her complaint could readily be amended to remedy the deficiencies perceived by the District Court. The state-law claims will also need to be addressed, unless all federal claims prove to be subject to summary dismissal.

For the foregoing reasons, the order appealed from will be affirmed in part and reversed in part, and the case remanded to the District Court for further proceedings.

TO THE CLERK OF THE COURT:

    Kindly file the foregoing Opinion.

                                                  /s/ John P. Fullam
                                                    District Judge

1 to crt

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1162

JOANN BRISTOW
    Appellant
  v.

JACOB C. CLEVENGER AND
SPRING GARDEN TOWNSHIP

FILED
HARRISBURG

MAR 2 2 2002

MARY E. D'ANDREA, CLERK
Per_____
  DEPUTY CLERK

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. No. 00-cv-600
District Judge: The Honorable Sylvia H. Rambo

Argued: December 11, 2001

Before: BARRY, ALDISERT, Circuit Judges, and FULLAM,* District Judge

JUDGMENT

---

*The Honorable John P. Fullam, Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

This cause came to be considered on the record from the United States District

Court for the Middle District of Pennsylvania and was argued on December 11, 2001.

After consideration of all contentions raised by the appellant, it is

ADJUDGED and ORDERED that the judgment of the District Court entered on January 9, 2001, be and the same is hereby reversed in part, and the case is remanded to the District Court for further proceedings, all of the above in accordance with the opinion of this Court.

Each party to bear its own costs.

ATTEST:

*Marcia M. Waldron*

Marcia Waldron
CLERK

DATED:   February 22, 2002


Certified as a true copy and issued in lieu
of a formal mandate on March 18, 2002.

Teste:   *Marcia M. Waldron*

Clerk, United States Court of Appeals
for the Third Circuit

OFFICE OF THE CLERK

**UNITED STATES COURT OF APPEALS**

| | FOR THE THIRD CIRCUIT | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | 21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4915 |

pacer.ca3.uscourts.gov

March 18, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA   17108

RE: Docket No. 01-1162
    Bristow  vs. Clevenger
    D. C. CIV. No. 00-cv-00600

RECEIVED
MAR 22 2002
RB
MARY E. D'ANDREA, CLERK

Dear Mrs. D'Andrea:

　　Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

　　(X) We release herewith the certified list in lieu of the record.

　　Kindly acknowledge receipt for same on the enclosed copy of this letter.

　　Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

　　　　　　　　　　　　　　　Very truly yours,
　　　　　　　　　　　　　　　MARCIA M. WALDRON
　　　　　　　　　　　　　　　Clerk

　　　　　　　　　　　　　By: LaToya W. Corprew
　　　　　　　　　　　　　　　Case Manager

Enclosure

cc:
　　Donald A. Bailey, Esq.
　　James D. Young, Esq.

ack. 3/22/02 RB