**ORIGINAL**



IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN BRISTOW | ) | CIVIL ACTION LAW |
| | ) | |
| Plaintiff | ) | 1:CV-00-0600 |
| | ) | |
| VS. | ) | (JUDGE RAMBO) |
| | ) | |
| JACOB C. CLEVENGER AND | ) | |
| SPRING GARDEN TOWNSHIP | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants | ) | |

FILED
HARRISBURG, PA
AUG 0 7 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### AMENDED COMPLAINT

1.) This is a civil rights action brought under the 4th and 14th Amendments pursuant to 42 U.S.C. §1983 where plaintiff alleges she was violently stalked and harassed by the defendant Clevenger. Plaintiff also alleges a failure by the municipal defendant Spring Garden Township (Spring Garden) to supervise manage or otherwise control Clevenger. Clevenger is retaliating against plaintiff because she successfully sued him. Additionally certain claims are made invoking this court's supplemental jurisdiction to hear related state claims.

### JURISDICTION AND VENUE

2.) This Court's jurisdiction derives from 28 U.S.C. §1331 and 28 U.S.C. §1343 (a)(3) and (4) and the remedial statute 42 U.S.C. §1983. This Court has original jurisdiction under the statutes cited above to hear complaints of violations of right guaranteed under the Constitution, laws, and treaties of the United States.

3.) A jury trial is demanded.

1

4.) Attorney's fees under 42 U.S.C. §1988 are requested.

5.) This Court's supplemental jurisdiction is invoked under 28 U.S.C. §1367.

6.) Punitive damages are demanded of the individual defendant. Punitive damages are not requested of Spring Garden, any other inference herein not withstanding.

7.) Venue is properly in the Middle District because the parties, material facts, and all witnesses are common to York County Pennsylvania, which is located within the jurisdiction of the U.S. Federal Court for the Middle District of Pennsylvania.

## PARTIES

8.) The plaintiff Joann Bristow is an adult American citizen residing in York County Pennsylvania.

9.) The defendant Clevenger is a police officer employed by defendant Spring Garden Township. Both have an official address at 340 Tri Hill Road, York, York County, Pennsylvania 17403.

## RIGHTS VIOLATED

10.) Joann Bristow's rights under the 14th Amendment due process clause to be free of unlawful retaliation against her for successfully suing Jacob Clevenger was violated by defendants.

11.) Joann Bristow's right to be free of 4th Amendment violations by a police officer committing violent acts, while stalking her, has been violated by the defendant Clevenger.

## OPERATIVE FACTS

12.) On or about March 2000 the first case regarding Joann Bristow vs. Jacob Clevenger et al was settled to the satisfaction of all parties involved and the case was then closed. It was a federal civil rights law suit initially and then became a supplemental state claim. It was before the Honorable

2

Sylvia Rambo United States District Court Judge.

13.) Immediately following the settlement Joann Bristow began seeing Jacob Clevenger appear at her place of employment.

14.) On 2/14/00 as plaintiff was leaving work she proceeded out of her employers parking lot onto Greendale Road, Mr. Clevenger had been waiting for plaintiff and pulled onto Greendale Road. Ms. Clevenger was staring at plaintiff and made direct eye contact.

15.) On 2/24/00 at 7:52 a.m. plaintiff was traveling West on S. queen Street, to go to work. As she entered into the center turning lane, on Queen Street, to make a left hand turn onto Greendale Road, Clevenger pulled off Greendale onto S. Queen Street heading East. Clevenger stared directly at plaintiff with an intimidating stare as he passed.

16.) On 2/28/00 at 5:11 p.m. plaintiff was leaving work and pulled from her employers parking lot onto Greendale Road. Simultaneously, Clevenger pulled from S. Queen Street onto Greendale making sure plaintiff saw him.

17.) On 3/7/00 plaintiff went to the York County Courthouse. She had just filed a complaint with the Sheriff for service around 1:40 p.m.. She left the Sheriff's office and entered into the lobby of the courthouse. At this point she saw Clevenger off to her left. She was parked on the corner of Duke Street, and Market Street. She hurried to her car. As soon as she got in her car, she saw Clevenger standing into front of the Court house watching her. He stood there staring at her as she pulled away.

18.) On 3/9/00 at 7:57 a.m. plaintiff was on her way to work. As she pulled onto Greendale Road she saw Clevenger there at her place of employment once again. Clevenger pulled up to the stop sign and turned right onto South Queen Street. Plaintiff pulled into her employer's parking lot.

19.) On 3/14/00 at 7:56 a.m. plaintiff turned onto Greendale Road on her way to work. She noticed a Spring Garden Police car sitting at the entrance to the parking lot of her employer (it was parked with no lights on of any kind). In the car was Jacob Clevenger. Clevenger made eye contact with plaintiff, and with his left hand gestured to her. She continued into the parking lot and pulled around to the back and parked.

20.) Plaintiff entered the back door to the office and immediately advised her employer that Clevenger was sitting at the parking lot entrance in a patrol car, in uniform.

21.) On 3/15/00 plaintiff was again on Queen Street on her way to work. As she passed George's pizza shop (1835 S. Queen Street), diagonally across from her work place) Clevenger was sitting there, in his patrol car. It was 8:01 a.m. when she passed him.

22.) On 3/24/00 plaintiff was again on Queen Street on her way to work. As she approached "George's" pizza, she again saw a Spring Garden patrol car. Clevenger was sitting in the patrol car. It was 7:55 a.m. when plaintiff passed Clevenger.

23.) 3/27/00 plaintiff was once more on Queen Street on her way to work. As she approached "George's" pizza she saw a Spring Garden patrol car. The patrol car was parked on the right side of George's facing Queen Street. As she slowed down she saw Clevenger sitting in his patrol car facing Queen Street. It was 7:54 a.m..

24.) Plaintiff attempted to get help from the PSP.

25.) Plaintiff was, and is, in fear of her life and well being. The defendant is using his badge and his official status to stalk her and retaliate against her because of her exercising her right of access to the courts, and the authorities who have a duty to help her, will not take steps to stop Clevenger or charge Clevenger with appropriate criminal violations or prevent his abuse of authority,

4

or in the case of Spring Garden Township, supervise or discipline him.

26.) On 4/3/2000 plaintiff filed her original complaint at the above term and number against defendants which was communicated to defendants within a week.

27.) On 5/5/00 plaintiff was driving to work when she was overtaken by defendant Clevenger in a Spring Garden patrol car. Clevenger pulled astride plaintiff and stared at her, then accelerated. It was 7:56 a.m.

28.) On 5/15/00 plaintiff left work 2 to 3 minutes early. She pulled out to the right on S. Queen Street. Less than a mile from her office, defendant was stopped at the traffic light at the Greengate Shopping Center in a patrol car awaiting her.

29.) On 8/23/00 plaintiff left work and pulled out into Greendale Road. Plaintiff went to the stop sign at S. Queen Street. Plaintiff turned right and headed South. This brought plaintiff back along side her office. At this point plaintiff noticed a police car stopped at Edge Hill Road. Officer Clevenger was driving. Officer Clevenger then pulled out onto S. Queen Street cutting plaintiff off. She was forced to slam on her brakes and veer onto the berm, where she came to a screeching halt, in order to avoid hitting Clevenger. After forcing the plaintiff violently to the berm, Clevenger swerved to the left into the center turning lane and then made an abrupt left turn (cutting off oncoming traffic) onto Crest Hill road. There were no lights or sirens employed.

30.) Plaintiff's counsel once more called opposing counsel (as he had done on a number of occasions) and pleaded to have the harassment, which was becoming even more dangerous, stop

31.) At 9/20/00, at 5:15 p.m. plaintiff left of her office parking lot and turned right to go South on Queen Street. As she approached "Georges" there was a Spring Garden patrol car parked beside the building facing Queen Street. She could not identify the driver.

32.) On 10/9/00 plaintiff's office (where she works) relocated.

33.) On 10/12/00 plaintiff was driving North on George Street to her new office. As she approached the office she saw Mr. Clevenger coming towards her in his personal vehicle (pick up truck). He passed her as she reached her office.

34.) Plaintiffs counsel again called opposing counsel and threatened a request for injuctive relief or a request for a judicial conference. Opposing counsel was helpful and promised, as before, to look into Mr. Clevenger's conduct.

35.) The defendant Spring Garden Township, Clevenger's employer, was aware of the settlement of the first matter.

36.) The defendant Spring Garden Township was aware of Clevenger's misconduct prior to and certainly after, the filing of the first complaint in this matter.

37.) Spring Garden Township was expressly made aware of Clevenger's alleged misconduct when served with the complaint in this matter on or about April 2000.

38.) Spring Garden Township took no steps to counsel, control, or supervise Clevenger who them continued with no law enforcement purpose to harass, stalk, assault by automobile and retaliate against the plaintiff.

**WHEREFORE** plaintiff demands judgment of the defendant for the deprivation of her right to be free of retaliation under the 14th Amendment pursuant to 42 U.S.C. §1983, and to be free of stalking, with attendant, life threatening violence, which, if not already a 4th Amendment violation, then, as a novel articulation, plaintiff and her counsel believe such misconduct is a 4th Amendment violation of her rights, standing alone, in addition to retaliation for access to the Courts, and for emotional distress for the deprivation of her Constiutional Rights and for assault and the infliction

of emotional distress as supplemental state claims pursuant to 28 U.S.C. §1367 (c) together with fees, costs, attorneys fees, and such other relief as the Court may deem appropriate.

                                              Respectfully Submitted,

                                              Don Bailey PAID# 23786
                                              4311 N. 6th Street
                                              Harrisburg, Pa 17110
                                              (717) 221-9500

August 6, 2002

## CERTIFICATE OF SERVICE

I, Don Bailey do hereby certify that on this 6th day of August 2002 a true and correct copy of the foregoing *AMENDED COMPLAINT* served upon the individual named below via first class mail postage pre-paid at the indicated address:

JIM YOUNG, ESQUIRE
LAVERY FAHERTY YOUNG & PATTERSON
225 Market Street
Suite 304
P.O. Box 1245
HARRISBURG, PA 17108

*/s/ Don Bailey*
DON BAILEY ESQUIRE
4311 N. 6TH STREET
HARRISBURG, PA 17110
(717) 221-9500