ORIGINAL

2 to 9

FILED
HARRISBURG, P

SEP 13 2002

MARY E. D'ANDREA, C
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN BRISTOW, | : | CIVIL ACTION – LAW |
|     Plaintiff | : | |
| vs. | : | NO. 1:CV:00-0600 |
| | : | |
| JACOB C. CLEVENGER and | : | JUDGE RAMBO |
| SPRING GARDEN TOWNSHIP, | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION
### TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

Plaintiff, Joann Bristow, initiated this civil action by filing a Complaint on or before April 3, 2000 against Officer Jacob C. Clevenger and his employer, Spring Garden Township. On April 20, 2000, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. By Memorandum and Order dated January 8, 2001, this Honorable Court granted Defendants' Motion to Dismiss Plaintiff's Complaint.

On January 16, 2001, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. On March 22, 2002, the United States Court of Appeals for the Third Circuit affirmed in part and reversed in part this Honorable Court's Memorandum and Order dated January 8, 2001, and remanded the action to this Honorable Court for further proceedings.

By Order dated July 10, 2002, this Honorable Court directed that Plaintiff file an Amended Complaint on or before August 9, 2002. In that Order, this Honorable Court directed that the Amended Complaint shall be complete in all respects and shall follow the admonitions of the Third Circuit Court regarding the preparation of the Amended Complaint.

On August 7, 2002, Plaintiff filed an Amended Complaint which was received by undersigned defense counsel on August 12, 2002. In the Amended Complaint, Plaintiff attempts to assert claims pursuant to 42 U.S.C. § 1983 for violation of her Fourth and Fourteenth Amendment rights. The Amended Complaint also purports to assert claims for assault and infliction of emotional distress as supplemental state claims pursuant to 28 U.S.C. § 1367(c).

On August 27, 2002, Defendants filed a Motion to Dismiss Plaintiff's claims against Defendant, Spring Garden Township, as well as the Fourth Amendment and negligent infliction of emotional distress claims against Officer Clevenger. In the alternative, Defendants asserted that Plaintiff's Amended Complaint must be stricken as a matter of law for failure to conform to the Federal Rules of Civil Procedure and/or this Honorable Court's Order dated July 10, 2002. This Brief is in support of Defendants' dispositive motion.

II.   **QUESTIONS PRESENTED:**

   A.   STANDARD OF REVIEW.

   B.   WHETHER PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE CLAIMS OR CAUSES OF ACTION FOR VIOLATION OF HER FOURTH AMENDMENT RIGHTS UPON WHICH CAN BE GRATED?

   C.   WHETHER PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A COGNIZABLE CLAIM OF MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983?

   D.   WHETHER PLAINTIFF'S PENDENT STATE TORT LAW CLAIMS ARE BARRED AND/OR LIMITED BY APPLICATION OF THE POLITICAL SUBDIVISION TORT CLAIMS ACT?

   E.   IN THE ALTERNATIVE, WHETHER PLAINTIFF'S AMENDED COMPLAINT MUST BE STRICKEN AS A

MATTER OF LAW FOR FAILURE TO COMPLY WITH THE RULES OF CIVIL PROCEDURE AND THIS HONORABLE COURT'S JULY 10, 2002 ORDER?

III. **ARGUMENT:**

A. **STANDARD OF REVIEW.**

The standard to be applied in consideration of a motion to dismiss pursuant to Rule 12(b)(6) is well established in our jurisprudence. The court is to accept as true all well-pleaded allegations in the complaint along with the reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party. Jordan v. Fox Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Although the court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions, and unwarranted inferences or deductions set forth in the complaint. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).

The question before the court on a motion to dismiss is whether the Plaintiff can prove any set of facts in support of her claim that entitles the Plaintiff to relief. Hartford Fire Insurance Company v. California, 113 S. Ct. 2811, 2817 (1993). If it is clear from the plaintiff's pleading that a defendant

cannot be held liable, then dismissal of all claims against that defendant is appropriate. Labov v. Lalley, 809 F.2d 270 (3d Cir. 1987). Finally, "Rule 12(b)(6) authorizes the court to dismiss a claim on the basis of a dispositive issue of law." Thomas v. Ford Motor Company, 70 F. Supp. 521 (E.D. Pa. 1999).

> B. PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE ANY COGNIZABLE CLAIM FOR VIOLATION OF HER FOURTH AMENDMENT RIGHTS.

In it's January 8, 2001 Memorandum and Order, this Honorable Court dismissed Plaintiff's Fourth Amendment claims finding that Plaintiff had not alleged that she had been subjected to a seizure. See, Gallo v. City of Philadelphia, 161 F.3d 217, 223 (3d Cir. 1998). ("A seizure is a show of authority that restrains the liberty of the citizen, . . . or a 'government termination of freedom of movement intentionally applied.'") On appeal, the Third Circuit affirmed the dismissal of the Fourth Amendment claims.

Despite the rulings by the District Court and the Third Circuit, Plaintiff attempts to reassert her Fourth Amendment claims (for her Fourth Amendment right not to suffer stalking by a state official) in the Amended Complaint. The Amended Complaint, however, does not allege any facts

5

(including the new incidents asserted) establishing an unreasonable seizure, i.e. a show of authority to restrain a liberty of a citizen or a government termination of freedom of movement intentionally applied, and consequently, the Amended Complaint fails to allege a cognizable claim for violation of Plaintiff's Fourth Amendment rights.

    C.    **PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR § 1983 MUNICIPAL LIABILITY AGAINST DEFENDANT, SPRING GARDEN TOWNSHIP.**

It is well established that municipalities cannot be held liable under § 1983 premised on the mere fact that the governmental entity employed the offending official, i.e. through application of the doctrine of respondeat superior. Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978). The Supreme Court has also ruled that where a "plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability must be applied to assure that the municipality is not held liable solely for the actions of its employees." Board of County Commissioners of Byron County v. Brown, 117 S. Ct. 1382, 1388-89 (1997). Moreover, the Supreme Court has expressly rejected the use of defective respondeat

superior theory of liability because "to adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983." City of Canton v. Harris, 489 U.S. 378, 392 (1988).

In her Amended Complaint, Plaintiff does not allege any facts indicating that either the Township or its policymakers were on notice of the complained of conduct. To the contrary, in the Amended Complaint, Plaintiff acknowledges that prior to initiating this civil action, she brought this matter to the attention of the Pennsylvania State Police and not to any official and/or policymaker within the Township. Moreover, the Amended Complaint does not allege that she complained to the Township or its policymakers regarding the alleged incidents occurring after the filing of this civil action.

For purposes of this Rule 12(b)(6) motion, this Honorable Court is not bound to accept conclusory allegations of law, unsupported conclusions and unwarranted inferences or deductions set forth in the Complaint. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). In this case, Plaintiff's claims against Spring Garden Township are predicated upon unwarranted inferences or deductions and are insufficient, as a matter of law, to withstand a motion to dismiss. Clearly, the claims

7

asserted in the Amended Complaint are a rather transparent attempt to circumvent the rule against respondeat superior liability under § 1983 in that Plaintiff is attempting to hold Spring Garden Township vicariously liable under § 1983 for the actions of Officer Clevenger. Pursuant to the Supreme Court's holding in <u>City of Canton</u>, a municipality cannot be held vicariously liable in a claim pursuant to § 1983. Consequently, Plaintiff's Amended Complaint fails to state any § 1983 claims against Spring Garden Township upon which relief can be granted.

> D. **PLAINTIFF'S PENDENT STATE TORT LAW CLAIMS ARE BARRED AND/OR LIMITED BY APPLICATION OF THE IMMUNITY AFFORDED BY THE POLITICAL SUBDIVISION TORT CLAIMS ACT.**

In its dispositive motion, Defendant, Spring Garden Township, asserts that the state tort law claims, if any, asserted against it in the Amended Complaint are barred by the immunity afforded by the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 et. seq. The Pennsylvania Supreme Court has characterized the purpose underlying the Act as the insulation of "political subdivision for liability, except for injuries sustained to persons or property in accordance with one of the exceptions listed within the Act." <u>Walsh v. City of Philadelphia</u>, 585 A.2d 445, 451 (Pa.

8

1991). The Pennsylvania Supreme Court has also reiterated that the exceptions to immunity enumerated in § 8542(b) must be construed strictly. See, Lindstrom v. City of Corry, 763 A.2d 394 (Pa. 2000); Lockwood v. City of Pittsburgh, 751 A.2d 1136 (Pa. 2000). Moreover, the burden of proof is on the Plaintiff to establish that the complained of conduct falls within one of the statutory exceptions. Mickle v. City of Philadelphia, 669 A.2d 520 (Pa. Commow. 1996), aff'd, 707 A.2d 1124 (Pa. 1998).

Section 8542 specifies that a local agency may only be liable if a Plaintiff's injury is caused by the negligent acts of the local agency and/or its employees which fall within one of the eight narrowly construed exceptions to immunity enumerated in § 8542(b) of the Act. Walsh, 585 A.2d at 451. In other words, tortious liability of a local agency may be predicated upon negligent acts only. City of Philadelphia v. Brown, 618 A.2d 1236 (Pa. Commow. 1992). A number of courts which have addressed this issue have held that a municipality is immune from liability for intentional torts and/or negligent conduct which does not fall within the purview of the exceptions enumerated in § 8542(b). See, e.g. Agresta v. City of Philadelphia, 694 F. Supp. 117, 123 (E.D. Pa. 1988) (city immune from liability on Plaintiff's claims of false arrest/false imprisonment and

intentional infliction of emotional distress; <u>Verde v. City of Philadelphia</u>, 862 F. Supp. 1329, 1336 (E.D. Pa. 1994) (finding city immune from claim of intentional infliction of emotional distress); <u>Kessler v. Monsour</u>, 865 F. Supp. 234, 244 (M.D. Pa. 1994) (finding school district immune from claim for intentional infliction of emotional distress).

In this case, Plaintiff's pendent state tort law claims against the Township are intentional torts (assault and intentional infliction of emotional distress) and are not predicated upon a claim of municipal negligence. To the extent that the Amended Complaint can be construed as asserting a claim for negligent infliction of emotional distress, said claim does not fall within the eight exceptions to immunity enumerated in § 8542(b). Thus, Spring Garden Township is immune from liability as a matter of law on Plaintiff's pendent state tort law claims.

Defendants anticipate that Plaintiff may attempt to argue that the tort claims against the Township were proper under special exception for "willful misconduct" found at 42 Pa. C.S.A. § 8550. It is axiomatic in our jurisprudence that "§ 8550 only abolishes immunity for willful misconduct which pertains to local agency employees . . . and does not affect the immunity of local agencies." <u>King v. Breach</u>, 540 A.2d 976, 979 (Pa.

10

Commow. 1988); <u>City of Philadelphia v. Glim</u>, 613 A.2d 613 (Pa. Commow. 1992). A municipal entity is immune from liability, even if one of its employees committed a wrongful act or willful misconduct. <u>Kuehner v. Parson</u>, 527 A.2d 627, 629 (Pa. Commow. 1987), app. den., 538 A.2d 879 (Pa. 1987); <u>Ferber v. City of Philadelphia</u>, 661 A.2d 470 (Pa. Commow. 1995). Even if Plaintiff alleges that the actions of Officer Clevenger, as set forth in the Amended Complaint constitute willful misconduct, which is denied, Plaintiff still cannot recover from the Township. Based upon the foregoing, it is readily apparent from the face of Plaintiff's Amended Complaint that Spring Garden Township is immune from liability and that Plaintiff cannot prove any set of facts entitling her to relief on the state tort law claims asserted against the Township.

Moving Defendant Clevenger asserts that to the extent that the Amended Complaint attempts to assert a claim for negligent infliction of emotional distress that he is immune from liability. Pursuant to 42 Pa. C.S.A. § 8545 and § 8546, as a municipal employee, Officer Clevenger enjoys the same immunity from liability as his employer, the Township. Since Plaintiff's claim of negligent infliction of emotional distress, if any, does not fit within the purview of any of the eight exceptions to immunity

11

enumerated in § 8542(b), Defendant Clevenger is immune from liability as a matter of law. Moreover, since Plaintiff has not alleged any physical injury from the alleged acts of Officer Clevenger (she merely alleges "shaking with fear", "badly shaken", and being "filled with fear"), she has not stated a claim for intentional infliction of emotional distress upon which relief can be granted. See, Hart v. O'Malley, 647 A.2d 542 (Pa. Super. 1994); aff'd., 676 A.2d 222 (Pa. 1996).

E. **PLAINTIFF'S AMENDED COMPLAINT MUST BE STRICKEN FOR FAILURE TO COMPLY WITH REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE AND THIS HONORABLE COURT'S JULY 10, 2002 ORDER.**

The Third Circuit noted that the Plaintiff's original Complaint appeared to have "been thrown together in some haste" and "does not reflect careful analysis. After listing instances of alleged stalking, the Complaint sought judgment against Defendants jointly and severally for emotional distress and deprivation of Constitutional rights and also demanded judgment for harassment, stalking, invasion of privacy, intimidation, official oppression and the intentional infliction of emotional distress as supplemental state claims. In the appellate proceedings, Plaintiff's counsel argued that the Complaint could readily be amended to

remedy the deficiencies perceived by the district court. By Order dated July 10, 2002, this Honorable Court afforded Plaintiff an opportunity to file an Amended Complaint which "shall be complete in all respects" and "shall follow the admonitions of the Third Circuit regarding the preparation of the Amended Complaint." Defendants contend that Plaintiff's Complaint fails to heed either of those directives and must be stricken as a matter of law.

While adding several new factual allegations for events which occurred subsequent to the initiation of this civil action, the Amended Complaint does not cure the deficiencies of the original pleading. In that regard, the Amended Complaint merely sets forth a series of incidents and then purports to assert multiple civil rights claims and multiple state tort law claims against multiple Defendants. Pursuant to Rule 8(e)(2), a complaint setting forth several claims should state each claim in a separate count, identifying the actions and/or omissions of each defendant which forms the basis of the federal civil rights claims and/or pendent state tort law claim asserted against each defendant. See, DeSisto College, Inc. v. Line, 888 F.2d 755, 760-64 (11th Cir. 1989). As noted in Burke V. Dowling, 944 F. Supp. 1036 (E.D.N.Y. 1995), if a complaint is so confused,

13

ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised, a district court may dismiss the complaint. In this case, despite two bites at the pleading apple, Plaintiff has failed to formulate a pleading which contains a short and plain statement of the claim as to each Defendant. Despite this Honorable Court's clear and unambiguous Order with respect to the requirements for the Amended Complaint, the Defendants and the Court are once again confronted with a complaint that fails to comply with liberal notice pleadings under the Federal Rules of Civil Procedure.

## IV. CONCLUSION:

For the reasons advanced herein, Defendants respectfully request this Honorable Court grant their Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
James D. Young, Esquire
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants

DATE: 9/13/02

15

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this __13th__ day of September, 2002, I served a true and correct copy of the foregoing **Brief in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint** via U.S. First Class mail, postage prepaid, addressed as follows:

Don Bailey, Esquire
4311 North Sixth Street
Harrisburg, PA 17110

_Linda L. Gustin_
Linda L. Gustin