IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN BRISTOW | ) | CIVIL ACTION LAW |
| | ) | |
| Plaintiff | ) | |
| | ) | (1:CV-00-0600) |
| vs. | ) | |
| | ) | (JUDGE RAMBO) |
| JACOB C. CLEVENGER AND | ) | |
| SPRING GARDEN TOWNSHIP | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants | ) | |

FILED
HARRISBURG, PA
SEP 2 5 2002
MARY E. D'ANDREA, CLERK

**BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS
THE AMENDED COMPLAINT**

I.) **BACKGROUND**

A.) **PROCEDURAL HISTORY**

On April 3, 2000 plaintiff filed a civil rights claim against Jacob Clevenger and Spring Garden Township, his employer. On April 20, 2000 the defendants filed a motion to dismiss. Discovery ensued and was almost completed, and dispostive motions were due, when this Court granted defendants motion to dismiss. An appeal was taken to the Third Circuit and on March 22, 2001 the Appellant Court in part, reversed the district Court. On July 10, 2002 this Court directed that an Amended Complaint be filed on or before August 9, 2002. On August 7, 2002 plaintiff filed her Amended Complaint. The Amended Complaint asserts 4th and 14th Amendment violations (the 1st Amendment has been incorporated into the 14th Amendment due process clause for purposes of 1983 actions). The Third Circuit identified the retaliation claim as a 1st Amendment violations Plaintiff did

1

not bring a substantive due process, nor did she bring a procedural due process claim. Defendant does not question the basis of the retaliation claim in his motion. But defendant objects to plaintiff's 4th Amendment claims, to any claims against the municipal defendant Spring Garden, and to any supplemental claims, presumably because they would derive from facts similar to plaintiff's allegations of 4th Amendment violations. This brief is in opposition to defendants' motion.

### **FACTUAL HISTORY**

The factual history laid out in the original complaint is quite detailed. Originally Clevenger, a police officer, had unmercifully harassed and even kidnapped and threatened the life of Joann Bristow. He beat her, he killed her pets, he recorded her conversations, and he held her in her house for hours while dragging her about during a domestic dispute. He got away with these things because he is a police officer. The state police would not help Joann. Jacob Clevenger's employer, and its police chief wouldn't help (he left Joann with Jacob once, after an emergency call), and neither would the York County District Attorney. Joann pressed on with a divorce. After settlement was reached Joann was awarded reimbursement for her medical insurance, while she changed because she had to change jobs due to Clevenger's harassment. Even though the new employer's plan cost her more money and she had to make the change without Clevenger's cooperation (which she couldn't get) Clevenger then charged her with felony level forgery (which the District Attorney actually prosecuted though later claiming he wouldn't have done so if Clevenger had told him the truth, ie that Joann had merely changed providers, and had not pocketed the

2

money). The fact is the DA's office knew. Regardless, the "truth" didn't prevent the Court of Common Pleas of York County from making her pay Clevenger back for this meaningless technical change in medical providers, nor did the "truth" prevent Joann's being forced to post bail, be fingerprinted, and be photographed. The District Court erroneously believed the preliminary hearing had been waived. Anyway, her allegations of federal civil rights violations were dismissed for failure to sufficiently offend the 4th Amendment. The District Court never addressed her retaliation claims and never saw the most onerous of Clevenger's misconduct because dispositve motions were never filed.

    The District Court left intact however, the supplemental state claims in the underlying case, and it settled quickly. Shortly thereafter a pattern of harassment began again which led to the second lawsuit. While that suit was pending, but before this court dismissed it, the allegations appearing in paragraphs 27-38 occurred. These allegations were not before the District Court nor the Third Circuit. The allegations of paragraph 29 alone materially changes the nature of the amended pleading. Consequently, plaintiff asserted a new 4th Amendment violation in the Amended Complaint because Clevenger exceeded the Court's own minimal standards for the definition of a "seizure" according to its motion to dismiss and the Third Circuit's affirmation of that part of the District Court's opinion. The belated dismissal procedure followed by the District Court (strikingly similar to practices, limited to plaintiff's counsel, by a District Court in Williamsport) almost led to the denial of plaintiff's access to the Courts in another sense, inadvertent as it may have been. Fortunately we are here, and the

3

additional allegations in the Amended Complaint are, in plaintiffs view, preferable to filing an additional complaint.

## II.) STANDARD OF REVIEW

A.) Defendants appear to have presented the appropriate standard of review.

B.) Did plaintiff state a 4th Amendment violation?

C.) Did plaintiff state a claim for municipal liability?

D.) Are plaintiffs claim barred by the State Tort Claims Act or sovereign immunity?

E.) Did plaintiff fail to comply with this Court's July 10, 2002 order?

## B.) THE 4TH AMENDMENT

Clearly plaintiff and her counsel do not agree that the law of this case, as laid down by this Court, and as affirmed by the Third Circuit, in its 4th Amendment interpretation of the original complaint, are either Constitutionally correct, workable, or desirable. Allowing a police officer to subject any citizen to pervasive harassment, while in uniform, and while on duty, without any accompanying law enforcement purpose, ie while using his office and his authority for no lawful reason should trigger a violation of federally guaranteed rights. Ironically, Clevenger's actions were, and are, criminal in nature. And, for any other citizen they would also be prohibited by state tort law. But not law enforcement officials. The reality of state sovereign immunity statutes, customs, or practices deny an individual citizen's rights before government abusers. Consequently some cases, and fact circumstances, which on plain view might seem obviously deservant of protection, upon critical analysis,

4

because our Supreme Court views them from narrow prospectives, are not. Just as the Supreme Court has persisantly limited malicious prosecution claims to 4th Amendment analysis <u>Albright v. Oliver</u>, 510 U.S. 266 (1994) at the expense of liberty (1st Amendment) interpretations, it has inadvertently created an environment of increasing harassment by officials. Had the Third Circuit not sent this case back, plaintiff would have appealed it to the Supreme Court as a matter of moral duty. However, much as plaintiff and her counsel believe no citizen should have to suffer this kind of pervasive intimidation, and that someday the law will probably recognize that fact, without the pre existing complaint and the retaliation claim, plaintiff fears she may even have come to a worse end than merely being put out of court. Had her case gone forward though, to dispostive motions, the later allegations from 5/5/00 forward (Amended Complaint paragraphs 27-38) would have entered the case. That may have affected how this very Court would have viewed even the original case, because the facts alleged in paragraph 29 change the nature of Clevenger's misconduct dramatically. Thus plaintiff did not add a 4th Amendment claim to irritate or mock the court. Though perhaps outspoken to a fault, plaintiff's attorney, and plaintiff herself, respect this court, and genuinely believe that the situation where Clevenger intentionally forced plaintiff off the road is a serious departure from the type of conduct which the court and the third Circuit found unavailing as a 4th Amendment violation. Was this circumstance (Complaint paragraph 29) a "seizure: for purposes of the 4th Amendment law of 1983? Defendants simply do not address this issue, instead going back to the same old 4th Amendment analysis which is permitting the persistent harassment of American citizens all across the country. The

current law is faulty, it is intellectually inconsistent with factual reality, and it is constitutionally flawed. Is an assault – like the circumstances of paragraph 29 portray, a seizure for purposes of 1983? It clearly is for purposes of the criminal law. Is it excessive force? If we had a reasonable, workable, sensible 1st Amendment analysis available, like we did pre -<u>Albright v. Oliver</u>, there would be no problem here, because the intentionally forcing of a person off the "highway" for no proper law enforcement reason clearly offends the 1st Amendment and the Commerce Clause. Because of the decisions of the current Supreme Court, we are limited to Fourth Amendment analysis. Its like the rapidly growing Middle District decisions which persistently allow innocent citizens to be subjected to charges, criminal processing, preliminary hearings, bail hearings, trial, etc as long as they aren't handcuffed or incarcerated. Thus the mere application of handcuffs, if only for seconds, triggers the 4th Amendment, while an endless series of forcible appearances in court, the expenditure of days of freedom, and the expenditure of life savings, in some cases, does not. Probable Cause or the lack thereof be damned. This is not good law. It is simplistic analysis engendered by a desire to avoid common sense realities and it is beneath the dignity of our federal courts whose role is to protect and defend our citizens and their rights from erosion and abuse by the state. Plaintiff has stated a 4th Amendment claim with the addition of the allegation in paragraph 29.

## B.) <u>MUNICIPAL LIABILITY</u>

Plaintiff alleges municipal liability in paragraphs 35-38. Plaintiff alleges that Clevenger's municipal employer knew of his original misconduct. They even participated in the settlement of the suit. Spring Garden Township knew of the service of the second

6

complaint. And, based on information and belief plaintiff alleges that Spring Garden Township took no steps to supervise or control Jacob Clevenger. Plaintiff has alleged a failure to supervise, <u>City of Canton, Ohio v. Harris,</u> 489 U.S. 378, 109 S.Ct. 1197, 103L.Ed. 2d 412 (1989).

C.) **SUPPEMENTAL CLAIMS**

Plaintiff construes defendant's objections to its supplemental claims to be confined to Spring Garden Township, whether intentional or negligent, and to Clevenger in the case of negligence. Plaintiff agrees.

                                   **Respectfully Submitted,**

                                   */s/ Don Bailey*
                              **BAILEY STRETTON & OSTROWSKI**
                              **Don Bailey, Esquire**
                              **4311 N. 6th Street**
                              **Harrisburg, PA 17110**
                              **(717) 221-9500**

7

## **CERTIFICATE OF SERVICE**

I, Don Bailey do hereby certify that on this 25th **OF SEPTEMBER 2002** I served a true and correct copy of the BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS upon the attorneys below by First class-postage prepaid mail:

FRANK LAVERY ESQUIRE
LAVERY FAHERTY YOUNG & PATTERSON
P.O. BOX 1245
HARRISBURG, PA 17108-1245

_____
Don Bailey Esquire