



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANN BRISTOW, | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| vs. | : | NO. 1:CV:00-0600 |
| | : | |
| JACOB C. CLEVENGER and | : | JUDGE RAMBO |
| SPRING GARDEN TOWNSHIP, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**FILED**
HARRISBURG, PA

OCT 1 1 2002

MARY E. D'ANDREA, C
Per _____
Deputy Clerk

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY:

Pending for disposition before this Honorable Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint.  In that dispositive motion, Defendants argued that the Amended Complaint failed to allege any cognizable § 1983 municipal liability claims and that the pendent state tort law claims against the Township were barred by application of the Political Subdivision Tort Claims Act.   In the dispositive motion, Defendants further asserted that the Amended Complaint failed to allege

any cognizable claims for violation of Plaintiff's Fourth Amendment rights, for negligent infliction of emotional distress and/or intentional infliction of emotional distress against Officer Clevenger.

This Reply Brief is in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

## II.    ARGUMENT:

### A.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE ANY COGNIZABLE CLAIMS FOR VIOLATION OF HER FOURTH AMENDMENT RIGHTS.

In their dispositive motion, Defendants noted that this Honorable Court and the Third Circuit had previously dismissed Plaintiff's Fourth Amendment claims.  Moreover, Defendants asserted that the Amended Complaint did not allege that Plaintiff had been subjected to a seizure in the events occurring subsequent to the filing of the original Complaint. See, Gallo v. City of Philadelphia, 161 F.3d 217, 223 (3d Cir. 1998).

It is readily apparent from Plaintiff's responsive brief that neither Plaintiff nor her counsel agree with the Fourth Amendment analysis contained in the previous rulings by this Honorable Court and/or the Third Circuit.  Plaintiff's Brief, however, does not cite to any case law in

support of Plaintiff's position that the alleged stalking and/or harassing activities of Officer Clevenger constitute a "seizure" and/or implicate the protections of the Fourth Amendment. In the absence of any legal authority supporting her Fourth Amendment claim, Plaintiff then asserts, in conclusory fashion, that paragraph 29 of the Amended Complaint "changed the nature of Clevenger's misconduct dramatically." While the averments of paragraph 29 of the Amended Complaint, if proven, might form the basis of a claim for negligence and/or careless driving against Officer Clevenger, they are insufficient as a matter of law to state a cognizable Fourth Amendment claim. Regardless of the label that Plaintiff's counsel attempts to apply to Officer Clevenger's actions, they do not constitute an unreasonable seizure and are not actionable under the Fourth Amendment. Consequently, Plaintiff's Fourth Amendment claims must be dismissed with prejudice.

**B.  PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE A COGNIZABLE § 1983 MUNICIPAL LIABILITY CLAIM AGAINST DEFENDANT, SPRING GARDEN TOWNSHIP.**

On pages 6 and 7 of her responsive Brief, Plaintiff asserts that paragraphs 35 through 38 of the Amended Complaint provide the basis for

imposing § 1983 municipal liability against Spring Garden Township. Paragraph 35 asserts that the Township, as Clevenger's employer, was aware of the settlement of the first case. It is important to note, however, that Spring Garden Township was dismissed as a party to the initial claim; that prior action involved allegations of wiretapping and malicious prosecution; and that Plaintiff signed a release of any and all claims against Clevenger and/or the Township as part of the settlement of that first matter. Moreover, the assertion in paragraph 36 of the Amended Complaint (that the Township was aware of Clevenger's misconduct prior to the filing of this  second civil action) is directly contradicted by paragraph 24 of the Amended Complaint which asserts that Plaintiff attempted to get help from the Pennsylvania State Police. Plaintiff has not, and cannot allege that she made any complaints to any Township officials regarding Clevenger's conduct after the settlement of the initial lawsuit. Moreover, nowhere in the Amended Complaint, does Plaintiff allege that she made any complaints to Spring Garden Township concerning Clevenger's alleged conduct which occurred after the filing of this second lawsuit.

In its dispositive motion, Spring Garden Township, relying upon <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989) asserted that Plaintiff's Amended Complaint failed to allege any facts establishing actual or constructive knowledge of Clevenger's alleged activities on the part of the Township's policymakers.  In <u>Latuszkin v. City of Chicago</u>, 250 F.3d 502, 505 (7th Cir. 2001), the Seventh Circuit affirmed the dismissal of Plaintiff's Complaint against the municipality finding that the Complaint did not allege any facts tending to show that City policymakers were aware of the behavior of the officers, or that the activity was so persistent and widespread that City policymakers should have known about the behavior.  Defendant, Spring Garden Township, contends that a similar result must be reached in this case and that Plaintiff's § 1983 claim against Spring Garden Township for allegedly failing to supervise Officer Clevenger must be dismissed with prejudice.

C.    **DEFENDANT, SPRING GARDEN TOWNSHIP, IS IMMUNE FROM LIABILITY AS A MATTER OF LAW ON PLAINTIFF'S PENDENT STATE TORT LAW CLAIMS.**

In its dispositive motion and on pages 8 through 11 of the supporting brief, Defendant, Spring Garden Township, argued that the state tort law

claims, if any, asserted against it in the Amended Complaint were barred by the immunity afforded by the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 et. seq.  The Township cited to numerous federal and state court decisions which have held that a municipality can only be held liable for negligent conduct of its officials and/or employees which fall within the eight exceptions to immunity enumerated in § 8542(b) of the Act.  Since Plaintiff's tort law claims were based upon intentional conduct (assault and intentional infliction of emotional distress) and/or did not fall within any of the eight exceptions, Defendant contended that the Township was immune from liability as a matter of law.

On page 7 of her Brief, it appears that Plaintiff "agrees" that the state tort law claims against the Township are barred by application of the Tort Claims Act.  Consequently, the claims for assault, intentional infliction of emotional distress and/or negligent infliction of emotional distress in the Amended Complaint against the Township must be dismissed with prejudice.

D.    **PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE ANY CLAIMS FOR NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST OFFICER CLEVENGER UPON WHICH RELIEF CAN BE GRANTED.**

Pursuant to 42 Pa. C.S.A. §§ 8545 and 8546, Officer Clevenger enjoys the same immunity from liability as his employer, Spring Garden Township, on Plaintiff's negligence claims.  As noted above, a claim of negligent infliction of emotional distress does not fall within any of the eight exceptions to immunity set forth in § 8542(b) of the Act. Consequently, Officer Clevenger is immune from liability as a matter of law on any such claim.  It appears from page 7 of Plaintiff's responsive brief that Plaintiff concurs with the dismissal of the negligent infliction of emotional distress claims against Officer Clevenger.

Defendant Clevenger also averred that the Amended Complaint failed to state a cognizable claim for intentional infliction of emotional distress since Plaintiff had not alleged any physical injury from the alleged acts of Officer Clevenger.  See, Hart v. O'Malley, 647 A.2d 542 (Pa. Super. 1994), aff'd, 676 A.2d 222 (Pa. 1996).  In her responsive brief, Plaintiff has not addressed this issue and, consequently, Plaintiff's claim of intentional infliction of emotional distress against Officer Clevenger must be dismissed with prejudice as a matter of law.

E.    **PLAINTIFF'S AMENDED COMPLAINT MUST BE STRICKEN FOR FAILURE TO COMPLY WITH THE**

REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE AND/OR THIS HONORABLE COURT'S JULY 10, 2002 ORDER.

In their dispositive motion, Defendants contended that the Amended Complaint failed to comply with Rule 8(e)(2), Federal Rules of Civil Procedure and/or this Honorable Court's July 10, 2002 Order affording Plaintiff an opportunity to file an Amended Complaint. Among the questions presented, as noted on page 4 of Plaintiff's Brief, was: "E.) Did plaintiff fail to comply with this Court's July 10, 2002 Order?" Nowhere in her responsive brief, however, does Plaintiff address this issue. Defendants contend that the Amended Complaint which merely sets forth a series of incidents and purports to assert multiple civil rights claims and multiple state tort law claims against multiple Defendants, fails to comply with the requirements of Rule 8(e)(2) and the case law construing same. <u>See</u>, <u>Desisto College, Inc. v. Line</u>, 888 F.2d 755, 760-64 (11th Cir. 1989). Since the Amended Complaint does not cure the deficiencies of the original pleading, Defendants contend that it must be stricken as a matter of law.

## III.  **CONCLUSION**:

For the reasons advanced herein, Defendants respectfully request this Honorable Court grant their Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By:_____

James D. Young, Esquire
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants

DATE:  ___10/11/02___