IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOANN BRISTOW,** | CIVIL NO.1:CV-00-0600 |
| **Plaintiff** | FILED |
| v. | HARRISBURG, PA |
| **JACOB C. CLEVENGER and** | NOV 25 2002 |
| **SPRING GARDEN TOWNSHIP,** | MARY E. D'ANDREA, CLERK |
| **Defendants** | Per _____ Deputy Clerk |

## MEMORANDUM

Before the court is Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties have briefed the issues, and the matter is ripe for disposition.

I.      **Background**

On April 3, 2000, Plaintiff filed the original complaint in this civil rights action pursuant to 42 U.S.C. § 1983.[1] In that document, Plaintiff alleged that Defendant Jacob C. Clevenger – Plaintiff's ex-husband and a Spring Garden Township Police Officer – violated her rights guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution. By an order dated January 8, 2001, the court dismissed Plaintiff's complaint, pursuant to Rule 12(b)(6), for failure to state a claim.

---

[1] In relevant part, 42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of a[ny] State . . . subjects, or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall liable to the party injured in an action at law. . .

On appeal, the Third Circuit Court of Appeals partially reversed the court's order. The Third Circuit affirmed the portion of the court's opinion holding that Plaintiff failed to state a claim for violation of her Fourth Amendment rights because no seizure had taken place. As to Plaintiff's claim for retaliation, the Third Circuit reversed.

Upon remand, the court granted Plaintiff leave to file an amended complaint in accordance with the Third Circuit's ruling. On August 7, 2002, Plaintiff filed an amended complaint alleging that Defendants violated her Fourth and Fourteenth Amendment rights. Additionally, Plaintiff claims that Defendants committed various state law torts.

The amended complaint alleges the following facts: As previously stated, Plaintiff and Defendant Clevenger were once married. In March of 2000, presumably after their divorce, Plaintiff and Defendant Clevenger negotiated a settlement in a lawsuit. Immediately upon settlement of the original case, Defendant Clevenger began a pattern of harassing Plaintiff. On nine separate occasions prior to the filing of the instant law suit, Plaintiff observed Defendant Clevenger in his Spring Garden Township patrol vehicle parked at or near Plaintiff's place of work.

Once Plaintiff filed the original complaint in the instant case, Defendant Clevenger's harassment became more active. On May 5, 2000, Defendant Clevenger pulled his patrol vehicle next to Plaintiff's car while she was driving to work. When his vehicle was next to Plaintiff's car, Defendant Clevenger "stared at her, then accelerated." (Amend. Compl. at ¶ 27.) On May 15, 2000, Plaintiff left work. When she was about one mile from her work place, Defendant Clevenger "was stopped at the traffic light . . . in a patrol car awaiting her." (*Id.* at ¶

2

28.) On August 23, 2000, Defendant Clevenger – while driving his patrol car – pulled out in front of Plaintiff in traffic forcing her to violently stop to avoid oncoming vehicles. On three other occasions in September and October of 2000, Plaintiff spotted Defendant Clevenger in his patrol car at locations near Plaintiff's place of work.

Plaintiff's allegations against Defendant Spring Garden Township is limited to the fact that, although aware of Defendant Clevenger's actions, the Township "took no steps to counsel, control, or supervise Clevenger who them [sic] continued with no law enforcement purpose to harass, stalk, assault by automobile and retaliate against the plaintiff." (*Id.* at ¶ 38.)

Plaintiff claims that Defendants' actions violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, she claims that Defendants are liable to her under state law for either intentional or negligent infliction of emotional distress and assault. On August 27, 2002, Defendants filed the instant motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**II.**     **Legal Standard: Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Id.* The court will not dismiss

3

a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"In determining whether a claim should be dismissed under [Federal] Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Ben. Guar. Corp. v. White Consol. Ind*, 998 F.2d 1192, 1196 (3d Cir. 1993). Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III.  Discussion

Defendants contend that Plaintiff's claim should be dismissed because (1) Plaintiff's amended complaint fails to allege facts constituting a violation of her Fourth Amendment rights, (2) the amended complaint does not contain facts establishing municipal liability under 42 U.S.C. § 1983, (3) Plaintiff's state tort law claims are barred by the Political Subdivision Tort Claims Act, and (4) the amended complaint fails to comply with Federal Rule 8(a). The motion will be granted in part and denied in part.

### A.    42 U.S.C. § 1983

To prevail in an action under 42 U.S.C. § 1983, a plaintiff must demonstrate (1) violation of a right secured by the Constitution and the laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

#### 1.    Fourth Amendment

Despite the fact that the Third Circuit affirmed the portion of the court's holding dismissing Plaintiff's Fourth Amendment claim, Plaintiff's amended complaint alleges violation of her Fourth Amendment rights. Defendants now move for dismissal of that portion of Plaintiff's amended complaint, arguing that Plaintiff has failed to allege facts establishing a violation of her Fourth Amendment rights.

Apparently, Plaintiff attempts, once again, to assert a malicious prosecution claim. In order to maintain such a claim, a plaintiff must allege facts demonstrating the she suffered "a seizure as a consequence of a legal proceeding." *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995)). Supreme Court decisions have defined "seizure" as a show of authority that restrains a citizen's liberty or an intentional termination of the citizen's right to move about freely. *See id.* at 223 (citing *California v. Hodari D.*, 499 U.S. 621 (1991) and *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). There is no requirement of physical restraint. *See id.*

It is difficult to decipher Plaintiff's justification for re-asserting a Fourth Amendment claim. Clearly, the Third Circuit's opinion affirmed the court's dismissal of that claim. *See Bristow v. Clevenger*, No. 01-1162, slip op. at 4 (3d Cir.

5

Fed. 22, 2002) ("The District Court was plainly correct in dismissing the complaint to the extent that it asserted a First Amendment right . . . and a Fourth Amendment claim; the facts alleged in the complaint cannot be reasonably interpreted as establishing any such constitutional violation."). Apparently, Plaintiff contends that Defendant Clevenger's actions after Plaintiff filed the complaint in the instant matter constitute a seizure for purposes of imposing § 1983 liability. Specifically, Plaintiff appears to argue that Clevenger violated Plaintiff's Fourth Amendment rights by intentionally pulling his car out in front of Plaintiff's car on a public road.

Although this action may have been dangerous and threatening, the court concludes that it does not constitute an infringement upon Plaintiff's liberty. Simply put, Plaintiff has not alleged any facts indicating that Defendants somehow curtailed her right to move around freely due to Defendant Clevenger's allegedly harassing behavior. Accordingly, the court will dismiss Plaintiff's claim for violation of her Fourth Amendment rights. Because the facts pled fail, as a matter of law, to state a claim for violation of the Fourth Amendment, it would be futile to grant Plaintiff leave to amend this claim.

### 2. Fourteenth Amendment

Plaintiff also makes a claim for violation of her rights under the Fourteenth Amendment. As far as the court is able to discern, Plaintiff is making a claim for unconstitutional retaliation for having exercised her First Amendment right to access to the courts.[2]

---

[2]Plaintiff correctly points out, without legal citation, that the First Amendment has been incorporated into the Fourteenth Amendment Due Process Clause. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940); *Dehart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000).

6

It is clear that Defendants' actions do not constitute a violation of Plaintiff's Fourth Amendment rights. *See supra* at Part III.A.1. However, Plaintiff may still have an actionable § 1983 claim, pursuant to the unconstitutional conditions doctrine. That doctrine will allow Plaintiff to recover from Defendants, if she can prove that Defendants retaliated against her for exercising her First Amendment rights. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283 (1977); *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997). In order to prevail on a retaliation claim, Plaintiff must prove three things: "first that [she] engaged in protected activity; second that the Government or Police Department responded with retaliation; and third that [her] protected activity was the cause of the Government's retaliation." *Anderson*, 125 F.3d at 161.

As to the first prong, Plaintiff claims that by filing the original lawsuit, she engaged in protected activity. The court agrees. The right of access to the courts is a part of the First Amendment right to petition the Government for redress of injuries. *See* U.S. Const. amend. I.; *see also California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). As to the second prong, Plaintiff's allegations are sufficient in that she avers that Defendants began harassing her for having filed a previous lawsuit and that the harassment intensified upon the filing of the instant suit. Finally, it can be implied from these allegations that Defendants engaged in this behavior because Plaintiff exercised her constitutional rights – thus satisfying the third prong of the unconstitutional conditions doctrine. Therefore, the court will not dismiss that portion of Plaintiff's complaint which seeks redress for violation of her Fourteenth Amendment rights.

### 3. Municipal Liability pursuant to 42 U.S.C. § 1983

Defendants argue that even if Plaintiff's amended complaint alleges an actionable § 1983 claim, the court should dismiss the claim against Defendant Garden Spring Township because the amended complaint fails to allege facts demonstrating that the retaliation was part of a municipal policy. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that municipalities may be held liable under §1983 where the action allegedly violating a federal right "implements or executes a policy statement, ordinance, or officially adopted policy." In *Pembaur v. Cincinnati*, 475 U.S. 469 (1986), the Supreme Court clarified its holding in *Monell*, stating that the gravamen of the official municipal policy requirement is based on the rejection of *respondeat superior* liability in § 1983 actions. It does not require a series of decisions or practices. Instead, "[t]he 'official policy' requirement was intended to distinguish the acts of the *municipality* from the acts of the *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 479-80 (emphasis in original).

In this case, Plaintiff's sole allegation against the municipality is that, despite being aware of Defendant Clevenger's *ultra vires* activities, Spring Garden Township took no actions to prevent him from harassing Plaintiff. Therefore, on first blush, it appears that Plaintiff's claim fails because it does not implicate any Township policy.

Plaintiff, however, argues that the Township's failure to properly supervise Defendant Clevenger constitutes a municipal policy for purposes of imposing § 1983 liability on the Township. The court agrees with Plaintiff. Both

8

the Supreme Court and the Third Circuit have recognized that a failure to properly supervise or train municipal employees may be sufficient to establish § 1983 liability where the failure amounts to " 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference may be established by a showing that the harm occurred on numerous previous occasions and municipal officials failed to respond appropriately, or that the risk of harm is great and obvious. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).

In this case, Plaintiff has set forth allegations indicating that Defendant Spring Garden Township knew of Defendant Clevenger's alleged harassment of Plaintiff. Despite being apprised on several occasions, Plaintiff alleges, the Township did nothing to end this behavior. Thus, the court cannot say, at this juncture, that Plaintiff can prove no set of facts indicating that the Township showed deliberate indifference to Plaintiff's rights. Therefore, the court will not dismiss Plaintiff's § 1983 claim against the Township.[3]

### B. State Law Claims

In the summary paragraph of her amended complaint, Plaintiff demands judgment against Defendants, pursuant to Pennsylvania common law, for assault

---

[3] However, the court cautions Plaintiff that, at some other stage in the pretrial litigation, she may be called upon to point to evidence establishing that "(1) municipal policymakers [knew] that [their] employees [would] confront a particular situation; (2) the situation [involved] a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter*, 181 F.3d at 357 (citing *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)).

and infliction of emotional distress.[4] Defendants contend that these claims are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541 *et seq.* [hereinafter "the Torts Claims Act"]. In opposition, Plaintiff merely puts forth the following statement: "Plaintiff construes defendant's [sic] objections to its supplemental claims to be confined to Spring Garden Township, whether intentional or negligent, and to Clevenger in the case of negligence. Plaintiff agrees." (Pl. Br. in Opp. Defs. Mot. to Dis. at 7.)

Needless to say, this cryptic statement does not give the court any concrete guidance as to Plaintiff's stance on whether the Tort Claims Act provides immunity to Defendants. Obviously, this statement evidences a stipulation to withdraw some portion of her state law claims; although it is not clear which portion.

In any event, the Tort Claims Act bars claims arising from intentional torts asserted against municipalities in the Commonwealth of Pennsylvania and their employees acting within the scope of their employment. 42 Pa. Cons. Stat. §§ 8541 and 8542(a)(2). Although there is an exception to the immunity for injury caused by willful misconduct, that exception eliminates the individual employee's immunity, but not the municipality's immunity. *City of Philadelphia v. Glim*, 613 A.2d 613, 617 (Pa. Commw. Ct. 1992). Therefore, Plaintiff cannot assert a cause of action against Defendant Spring Garden Township for intentional infliction of emotional distress or assault.

---

[4] Plaintiff does not specify whether she is asserting a claim for intentional infliction of emotional distress and/or negligent infliction of emotional distress.

10

Although a claim against the Township for negligent infliction of emotional distress would not be barred by the municipality's statutory immunity, such a claim requires an allegation that the plaintiff has suffered physical injury. *Armstrong v. Paoli Mem'l Hosp.*, 633 A.2d 605, 609 (Pa. Super. Ct. 1993); *Love v. Kramer*, 606 A.2d 1175, 1177 (Pa. Super. Ct. 1992); *Wall v. Fisher*, 565 A.2d 498, 499 (Pa. Super. Ct. 1989); *see also* Restatement (Second) of Torts § 436A (1965). Because the amended complaint makes no mention of physical injury, Plaintiff has not pled a valid cause of action for negligent infliction of emotional distress. Because Plaintiff could cure this defect by adding an allegation indicating that she suffered physical injury, the court cannot say it would be futile to grant Plaintiff leave to amend. Therefore, the court will grant Plaintiff leave to amend the complaint in order to allege physical injury, if such injury actually occurred. The claims for assault and intentional infliction of emotion distress, however, fail as a matter of law. It would be futile to grant Plaintiff leave to amend those claims. Therefore, the court will dismiss Plaintiff's claims against the Township for assault and intentional infliction of emotional distress.

To the extent Plaintiff wishes to hold Defendant Clevenger liable in tort, he is generally immune from such suits due to his status as an employee of a local governmental agency. *See* 42 Pa. Cons. Stat. § 8541. However, the willful misconduct exception, as previously stated, abrogates Defendant Clevenger's immunity for intentional torts. *See id.* at § 8542. Therefore, Plaintiff's actions against Defendant Clevenger for assault and intentional infliction of emotional distress are not barred by the Torts Claims Act.

11

Defendant Clevenger, however, contends that Plaintiff's claim for intentional infliction of emotional distress must be dismissed because Plaintiff has failed to allege a physical injury. The court has read over a plethora of Pennsylvania cases regarding whether a physical injury is required to maintain a cause of action for intentional infliction of emotional distress. The court, however, cannot deduce a fixed rule of law on this issue. Many cases indicate that physical injury is a required allegation. *See, e.g., Hart v. O'Malley*, 647 A.2d 542, 554 (Pa. Super. Ct. 1994). Others, however, imply that while a victim of intentional infliction of emotional distress may recover for physical injuries, such an allegation is not required. *See, e.g. Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000) (implying that the Restatement (Second) of Torts § 46(1) sets forth the minimum elements for the cause of action for intentional infliction of emotional distress). Yet, other cases seem to imply that regardless of the type of injury involved, it must be proven by expert medical testimony; seemingly an issue regarding the quantum of evidence needed to recover. *See, e.g., Kazatsky v. King David Mem'l Park*, 527 A.2d 988, 995 (Pa. 1987).

Absent any clear indication of whether Pennsylvania law requires an allegation of physical injury to recover for intentional infliction of emotional distress, the court looks to the Pennsylvania Supreme Court's most recent statement regarding this cause of action. In *Taylor v. Albert Einstein Medical Center*, the Pennsylvania Supreme Court, in discussing whether a third party who was not present at the scene of an accident could recover for intentional infliction of emotional distress pursuant to Restatement (Second) of Torts § 46, stated: "Although we have never expressly recognized a cause of action for intentional

12

infliction of emotional distress, and thus have never formally adopted this section of the Restatement, we have cited the section as setting forth the minimum elements necessary to sustain such a cause of action." 754 A.2d at 652. Although decided in a slightly different context, the court finds this statement an endorsement of Restatement § 46. That section states: "One who by extreme and outrageous conduct intentionally . . . causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the results from it, for such bodily harm." Restatement (Second) of Torts § 46(1). The court reads this section as permitting recovery for emotional harm resulting in physical injury. Nothing in this section, however, appears to require physical injury as a predicate to recovery. The Restatement, therefore, allows recovery for intentional infliction of emotional distress based on purely emotional injury.[5]

In this case, Plaintiff claims that she "was, and is, in fear of her life and well being," due to Defendant Clevenger's conduct. (Amend. Compl. at ¶ 25.) The court finds this allegation sufficient to satisfy the Restatement's requirements for pleading a valid cause of action for intentional infliction of emotional distress against Defendant Clevenger. Therefore, the court will not dismiss Plaintiff's claim against Defendant Clevenger for intentional infliction of emotional distress.

---

[5]This rule, however, only applies to intentional infliction of emotional distress. Where liability is premised on negligence, there is no recovery for purely emotional injuries. *See* Restatement (Second) of Torts § 436A. Therefore, an allegation of physical injury is required to recover for negligent infliction of emotional distress.

13

**IV.**     **Conclusion**

In accordance with the foregoing discussion, Defendants' motion to dismiss will be granted in part and denied in part. As to Plaintiff's claim under 42 U.S.C. § 1983, the court will dismiss Plaintiff's Fourth Amendment claim in its entirety. As to Plaintiff's tort claims, the court will dismiss those claims entirely as to Defendant Spring Garden Township. The court will also dismiss any claims for negligent infliction of emotional distress as to Defendant Clevenger. The motion will be denied in all other aspects. Additionally, the court will grant Plaintiff leave to file a second amended complaint in order to add an allegation of physical injury, if such injury occurred, in order to assert a cause of action against Defendant Spring Garden Township for negligent infliction of emotional distress. Any other amendments to the complaint will be stricken *sua sponte*.[6] An appropriate order will issue.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: November 25, 2002.

---

[6]This means that Plaintiff's second amended complaint shall include neither a claim pursuant to the Fourth Amendment, nor claims against Defendant Spring Garden Township for intentional infliction of emotional distress and assault. The court has already held that such actions are not viable under the facts in this case.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOANN BRISTOW, : CIVIL NO.1:CV-00-0600
    Plaintiff :
    v. :
JACOB C. CLEVENGER and :
SPRING GARDEN TOWNSHIP, :
    Defendants :

FILED
HARRISBURG, PA
NOV 25 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**ORDER**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART**, as follows:

    (1) The motion is **GRANTED** as to:

        (A) Plaintiff's claim under 42 U.S.C. § 1983 against both Defendants for violation of her Fourth Amendment rights;

        (B) Plaintiff's state law claims against Defendant Spring Garden Township; and

        (C) Plaintiff's state law claims against Defendant Clevenger for negligent infliction of emotional distress.

    (2) The motion is **DENIED** as to:

        (A) Plaintiff's claim under 42 U.S.C. § 1983 against both Defendants for violation of her First Amendment rights; and

        (B) Plaintiff's state law claims against Defendant Clevenger for intentional infliction of emotional distress and assault.

(3) Plaintiff is granted leave to file a second amended complaint in order to add an allegation of physical injury to her claim against Defendant Spring Garden Township for negligent infliction of emotional distress. Plaintiff shall file the amended complaint no later than December 12, 2002. The amended complaint shall fully comply with Federal Rule of Civil Procedure 8(e)(2), in addition to the requirements set forth in Part III.B of the accompanying memorandum of law.

(4) The court will *sua sponte* strike any amendment that does not comply with the dictates of this order or the accompanying memorandum of law.

SYLVIA H. RAMBO
United States District Judge

Dated: November 25, 2002.